Louis Wallach, J.
This motion to vacate a sentence to a reformatory term of imprisonment after a youthful offender finding raises a question of novel impression. The issue precisely framed is: may the sentencing court impose, as an alternate sentence, a term of probation upon a youthful offender where the underlying conviction was for a felony which under section 60.05 of the Penal Law required a mandatory term of imprisonment.
Defendants were found guilty, after a jury trial, of robbery in the second degree and assault in the second degree. Having determined that defendants were entitled to youthful offender treatment, the court, pursuant to subdivision 3 of CPL 720.20 vacated the conviction replacing it with a youthful offender finding. At sentencing, defendants, requested probation as *731 opposed to a reformatory term. Indicating that under the court’s interpretation of the applicable sections, such disposition was not available, a reformatory term was imposed.
Defendants seek, by this motion, to relitigate that issue. In view of the substantial impact of such a determination and in light of the paucity of authority, the court will reconsider the question.
An analysis of the applicable statutes is necessary. CPL 720.25 provides inter alia: “ A person who has been found a youthful offender must be sentenced in the manner authorized for the criminal act for which the youthful offender finding was made, provided, however, that the court must not impose any one of the following sentences: (a) an indeterminate sentence of imprisonment ”. The youthful offender sentencing statute became effective September 1,1971.
The authority for a reformatory sentence is contained in section 75.00 of the Penal Law which provides inter alia: “ 2. * * * When the court sentences a young adult for a crime, the court may, in lieu of any other sentence of imprisonment authorized by this title, impose a reformatory sentence of imprisonment ”.
The problem arises when section 60.05 of the Penal Law is read in conjunction with the above sections. That section added, as part of the new drug law, effective September 1, 1973, mandates a sentence of imprisonment, in accordance with section 70.00 of the Penal Law, in the ease of all class A and B felonies and certain C and D felonies. The instant case involves two of the felonies so enumerated.
The fundamental and initial problem noted by some authors is whether a youthful offender who was convicted of one of the enumerated felonies could even be sentenced to a reformatory term. “ Under the provisions of the Penal Law, where the underlying crime carries mandatory imprisonment, probation, etc. are unavailable, and the only possible sentence in B and C Felonies is an indeterminate term provided by Section 70.00. (Definite terms are permitted for D & E Felonies. Sec. 70.00-4.) But Section 720.25 of the Criminal Procedure Law, which has not been amended or repealed, while providing that a Youthful Offender shall be sentenced as specified in the Penal Law, nevertheless explicitly mandates that an adjudicated Youthful Offender may not receive an indeterminate sentence of imprisonment. Thus, the conflict in the sections is immediate find direct so that under a literal reading of both sections a Youthful *732 Offender with an underlying B or C Felony could not be sentenced at all.” (Introduction to Sentence Charts, by Irving Schwartz, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, 1973-1974 Supp., p. 13; see, also, Rosenblatt, New York’s New Drug Laws and Sentencing Statutes, p. 79, n. 3; N. Y. L. J., April 4,1974, p, 1, col. 3.) One resolution would be for the courts to take the position that a youth convicted of an enumerated felony ought to be refused youthful offender treatment. Obviously, such a result was not intended by the Legislature. What was sought to be avoided was the incarceration of youthful offenders with hardened criminals for indeterminate terms. The place and duration of confinement was significant. Reformatory is not an indeterminate term of imprisonment. An indeterminate term consists of a maximum and minimum period of imprisonment. (Penal Law, § 70.00.) While a reformatory term is limited to a maximum of four years, no maximum per se is imposed by the court as it does in imposing an indeterminate term. Moreover, there is no fixed minimum period of confinement. The only proper resolution then is to conclude that a reformatory term is permissible.
One of the writers finds authority for the use of reformatory terms in the. legislative treatment of narcotic addicts. “ The new Section 60.03 of the Penal Law expressly provides that where an ‘ addict ’ is convicted of a mandatory prison crime then sentencing as an addict is not permitted, even where the addict has been adjudged a Youthful Offender. Thus, where the Legislature intended to deny a particular form of sentencing to a youth, it said so expressly. It has not done so with respect to reformatory sentences, so that the conclusion seems irresistible that in the absence of express denial, and in the face of the explicit and unchanged, language of Section 75.00-2, discussed supra, reformatory sentences are not intended to be denied to youths (Youthful Offender and otherwise) even where mandatory prison crimes are involved.” (Schwartz, supra, pp. 13-14.)
The defendants now attempt to carry this latter line of reasoning one step further so as to include probation as a sentencing alternative. Defendants contend that since section 65.00 of the Penal Law governing sentences of probation was not amended to specifically deny such sentence to a youthful offender then it must be read as permitting it. The section itself puts defendants’ claim to rest since it was amended to provide that probation is available “ Except as otherwise required by section 60.03 or 60.05 ’ ’. In so doing it treats all defendants in the same manner, regardless of age. The theory of the new *733 sentencing statutes .was to insure the institutional confinement of persons convicted of drug felonies and certain crimes of violence. The specific exclusion of a youthful offender, convicted of such crimes, from the DACC program is consistent with such aims as is a commitment to an indeterminate term of imprisonment or to a reformatory term. Probation clearly is not.
Interestingly enough the People also share the belief that probation is a proper sentence. The District Attorney’s approach is more novel and is based on the supposition that since, the original conviction, upon a youthful offender finding, is vacated, the court need not imprison the defendants. There is no way, however, to reconcile that contention with the language of the statute which mandates sentence ‘ ‘ in the manner authorized for the criminal act for which the youthful offender finding was made ”. (CPL 720.25.) To interpret such language as merely serving as a method for determining the duration of a probationary period would thwart the objectives of the Legislature. If there is any grievance due to the failure of the Legislature to provide the courts with the opportunity to sentence all youthful offenders to probation, regardless of the offense of which they were convicted, it is to that body that such grievance is to be addressed.
The question must be answered in the negative and the motion denied.